Rita FLEMING, Plaintiff,

v.

THE CITY OF NEW YORK, a municipal entity, New York City Police Commissioner Howard Safir, in his official capacity and individually, New York City Police Commissioner Bernard Kerik, in his official capacity and individually, Michael Markman, in his official capacity and individually, New York City Police Inspector Anthony Izzo, in his official capacity and individually, Defendants.

No. 01CIV8885RCCRLE.

United States District Court, S.D. New York.

Dec. 4, 2002.

Colleen M. Meenan, Meenan, & Associates, LLC, New York City, for Plaintiff.

Michael Tiliakos, Corporation Counsel of the City of NEw York, for Howard Safir, Bernard Kerik, Michael Markman, and Charles Izzo.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

## I. INTRODUCTION

Before this Court is a motion by plaintiff Rita Fleming ("Fleming") seeking to compel production by defendants of certain document requests. For the following reasons, Fleming's motion to compel is **DENIED IN PART, GRANTED IN PART and WITHDRAWN IN PART.**

## II. BACKGROUND

Fleming began her employment with the New York City Police Department ("NYPD") on July 1, 1998, and from that time until February 19, 1999. Fleming was assigned to the police academy. *See* Amended Complaint at ¶¶ 19, 21. Thereafter, she was assigned to the 75th Precinct as a probationary officer. *Id.* at ¶ 21. On December 27, 1999, while off-duty, Fleming was in Stamford, Connecticut at the Metro North train station waiting to catch a train to New York City. *Id.* at ¶ 22. While waiting, Fleming was stopped and detained by Stamford police. *Id.* Fleming showed her NYPD badge, but was asked to accompany the officers to a police room in the station. *See* Plaintiff Rita Fleming's Memorandum of Law in Support of Plaintiff's Motion to Compel Discovery ("Pl. Mem.") at 1–2. Fleming expressed the belief that she was being unlawfully detained and racially profiled. *Id.* She also threatened to sue the Stamford Police Department. *Id.* at 2. While detained, Fleming contacted her command and advised the supervising officer of her situation. *Id.* The sergeant at the 75th Precinct confirmed Fleming's identity to the Stamford police. *Id.* However, a sergeant at the Stamford police department called the Internal Affairs Division of the NYPD alleging that Fleming had interfered with a robbery investigation and "mouthed off." *Id.*

The Brooklyn North Investigations Unit ("BNIU") conducted an investigation into the events in Stamford. *See* Amended Complaint at ¶ 31. At an administrative hearing, Fleming explained that she reacted the way she did because she felt she was being racially profiled. *Id.* Although the BNIU found Fleming had not interfered with an investigation and had identified herself properly as a police officer, they also found that Fleming was discourteous and recommended that she be disciplined. *See* Pl. Mem. at 2. Fleming was terminated as a result of the BNIU report on September 5, 2000. *See* Amended Complaint at ¶ 20.

## III. DISCUSSION

### A. Temporal Scope of Discovery

█ The defendants have already produced discovery responsive to Fleming's interrogatory number 5 and document requests numbers 10 and 11. However, Fleming has brought this motion to dispute the temporal scope of discovery. Fleming has requested that documents produced by the defendants cover the years 1996–2000. Defendants have countered that they should only produce documents for the years Fleming actually worked for the NYPD, 1998–2000. In order to support her request for discovery covering five years, Fleming mistakenly relies on *Lowe v. Commack Union Free School District*, 886 F.2d 1364 (1989). In *Lowe*, the Second Circuit rejected a disparate impact claim in an age discrimination case because, among other things, the comparative year periods were too small. *See Lowe*, 886 F.2d at 1372. However, in *Lowe*, the plaintiff only sought to introduce evidence from one year. *Id.* In this case, Fleming has been given information for three years, which this Court deems is more than enough time to prove her point. Further, the Court in *Lowe* found that the

"trial court is in the best position to analyze the statistics offered in a case such as this one." *Id.* at 1374. While this Court does not dispute Fleming's contention that statistics can be used in cases to prove a pattern or practice of discrimination, the Court finds that the information provided by the defendants is sufficient.

### B. Remaining Discovery Issues

In interrogatory number 6, Fleming asks that the defendants "identify each and every police officer who has filed a complaint against the New York City Police Department for discrimination based upon race for 1996 until present." This Court finds this discovery request to be overbroad. Document request number 12 seeks the production of a study conducted by the NYPD and reported in the New York Times, acknowledging that minority officers were more likely than white officers to face punishment for disciplinary infractions. Although this report covers the years 1988–1996, because the large majority of the decision makers relevant to that report are also relevant to this case, this Court deems the document relevant, and thus the defendants shall produce this forthwith. The defendants are also in the process of producing responses to document requests 13 and 14. Finally, document requests numbers 8 and 17, and interrogatories numbers 4 and 7 have been withdrawn.

### IV. CONCLUSION

For the foregoing reasons, Fleming's motion is **DENIED IN PART, GRANTED IN PART and WITHDRAWN IN PART.**